IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT L. ETCHISON,

    Plaintiff,

v.                                                   Civil Action No. 5:05CV99
                                                          (STAMP)

WESTFIELD INSURANCE COMPANY,
a corporation,

    Defendant.

U.S. DISTRICT COURT
RECEIVED AT WHEELING, WV
OCT 2 4 2005
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND**

I. Background

The plaintiff brought a suit in the Circuit Court of Ohio County, West Virginia against Steele Construction, Ltd., a West Virginia corporation and an insured of Westfield Insurance Company, an Ohio corporation. In that suit, plaintiff alleges breach of contract against Steele Construction, Ltd. for defective or unworkmanlike installation of a driveway and drainage pipes. In addition to the suit against Steele Construction, Ltd., plaintiff filed a separate action against Westfield Insurance Company for allegedly failing to resolve the underlying claim again Steele Construction, Ltd. in violation of the West Virginia Unfair Trade Practices Act. See W. Va. Code § 33-11-4. Plaintiff also seeks declaratory relief and sanctions for the filing of it's motion to remand. Westfield Insurance Company removed this action to this Court pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

On August 12, 2005, plaintiff filed a motion to remand. The defendant filed its response on September 24, 2005 and the plaintiff did not file a reply.

II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, pursuant to 28 U.S.C. § 1441(a), the federal court must be able to exercise original jurisdiction over the matter. See 28 U.S.C. § 1441(a)(1). Pursuant to 28 U.S.C. § 1332(a), the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, remand is necessary. See id.

It is a long standing principle that a federal court looks at a case as of the time that it was filed in state court in order to determine whether removal jurisdiction exists. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). Furthermore, the starting point in determining whether the requisite amount in controversy is present for removal is the complaint. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Chase v. Shop N Save Warehouse Foods, Inc., 110 F.3d 424,

2

427 (7th Cir. 1997). Thus, because it is the case's pre-removal status that controls whether removal was proper, if a post-removal event destroys the basis for removal jurisdiction, the federal court will keep the case. See Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998); St. Paul Mercury, 303 U.S. at 292. Following removal, "a motion to remand on the basis of any defect in removal procedure must be filed within 30 days after the filing of notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

### III. Discussion

The plaintiff does not argue that the amount in controversy is not satisfied in this case. Rather, plaintiff contends that the parties are not of diverse citizenship. The plaintiff argues that he filed a "direct action" against the insurer for alleged bad faith. Accordingly, plaintiff argues that, pursuant to 28 U.S.C. § 1332(c)(1), Westfield Insurance Company is deemed to be a citizen of the same state as the insured, Steele Construction, Ltd., which would destroy diversity.

Title 28, United States Code, Section 1332(c)(1) states:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). The parties do not appear to dispute that Westfield Insurance Company is a foreign corporation. Instead, the plaintiff argues that Westfield Insurance Company should be assigned the citizenship of Steele Construction Ltd., the insured, pursuant to § 1332(c)(1). In response, Westfield contends that this is not a "direct action suit" as contemplated by § 1332(c)(1). This Court agrees.

"[T]he fact that an insurer is named as a direct party in an action does not necessarily make the litigation a direct action for purposes of the federal diversity statute." Grefer v. Scottsdale Ins. Co., 207 F. Supp. 2d 546, 548 (E.D. La. 2001)(citing Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1188 (5th Cir. 1988)). For purposes of § 1332(c)(1), a direct action "is one in which the victim or injured party is permitted to sue the tortfeasor's insurance carrier directly for the insured's tortious conduct without first obtaining a judgment against the tortfeasor." Id. The Fifth Circuit agrees, finding that neither the statute nor the cases interpreting § 1332(c)(1) support the view that a direct action "includes every action in which an insurance company is a party." Evanston, 844 F.2d at 1188.

The Ninth Circuit has advised, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Beckham v. Safeco

4

Ins. Co., 691 F.2d 898, 901-02 (9th Cir. 1982). Similarly, the Eleventh Circuit has found that the purpose of § 1332(c)(1) was to eliminate the removal of cases to federal courts on the basis of diversity jurisdiction "in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse." Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985). Put simply, "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Id.

Based on the above case law, as well as this Court's own reading of the statute, this Court finds that this case is not a direct action suit for purposes of § 1332(c)(1). Plaintiff is not suing the tortfeasor's insurance company in lieu of suing the tortfeasor. This civil action is a direct action against Westfield Insurance Company for its alleged bad faith under its liability insurance policy with Steele Construction Ltd.

This case is not a direct action where the plaintiff is seeking payment for an underlying claim against Steele Construction, Ltd. directly from Westfield Insurance Company, but a bad faith action where plaintiff seeks damages from Westfield

Insurance Company for alleged mishandling of the underlying claim. This is not the situation contemplated by § 1332(c)(1) and, consequently, plaintiff is not entitled to a remand since Westfield is an Ohio corporation with its principal place of business in Ohio.

Because this Court finds that the direct action section of § 1332(c)(1) does not apply in this case, there is no basis for remand. Accordingly, plaintiff's motion to remand must be denied and the plaintiff's request for sanctions must be denied.

IV. Conclusion

For the reasons stated above, plaintiff's motion to remand and request for sanctions is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein.

DATED: October 24, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE