IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT L. ETCHISON,

    Plaintiff,

v.                                               Civil Action No. 5:05CV99
                                                           (STAMP)

WESTFIELD INSURANCE COMPANY,
a corporation,

    Defendant,

and

WESTFIELD INSURANCE COMPANY,
a corporation,

    Plaintiff,

v.                                               Civil Action No. 5:05CV132
                                                           (STAMP)

STEELE CONSTRUCTION, LTD.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING STEELE CONSTRUCTION, LTD.'S
MOTION TO REMAND OR DISMISS
AND DENYING ROBERT L. ETCHISON'S
MOTION TO ABSTAIN AND SUGGESTION
OF LACK OF SUBJECT MATTER JURISDICTION**

I. <u>Procedural History</u>

On March 3, 2005, Steele Construction, Ltd. ("Steele") filed a complaint against Robert L. Etchison ("Etchison") in Civil Action No. 05-C-104-W in the Circuit Court of Ohio County, West Virginia. Steele requested enforcement of a mechanics' lien for damages in

the amount of $4,938.10.[1]  Etchison filed a counterclaim alleging breach of contract, fraud, deceit, misrepresentation and slander of title.[2]  Subsequently, Steele requested that Westfield Insurance Company ("Westfield") defend or indemnify Steel with respect to Etchison's counterclaim.  Westfield declined to defend or indemnify Steele, and on August 19, 2005, Westfield, filed a complaint against the defendant, Steele, in the United States District Court for the Northern District of West Virginia seeking declaratory judgment on the coverage issues of Steele's insurance policy, thus determining if Westfield is required to defend or indemnify Steele.  This action was assigned Civil Action No. 5:05CV132.

On July 7, 2005, Etchison filed a complaint against the defendant, Westfield, in the Circuit Court of Ohio County, West Virginia seeking a declaration that Westfield must defend and/or indemnify Steele.  In addition, Etchison alleges violations of the West Virginia Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33-11-4(d).  On July 22, 2005, Westfield removed this civil action to the United States District Court for the Northern

---

[1] On or about October 5, 2004, Steele contracted with Etchison to install a paved driveway on Etchison's property for $8725.00, as well as two drainage pipes at an hourly rate for labor and materials.  Steele charged $9,928.10 for the work it completed on Etchison's property.  Because of a dispute between the parties, Etchison only paid Steele $5,000.00 of the $9,928.00 that Steele requested.  Steele filed a notice of mechanics' lien and then filed an underlying action to recover the balance of the contract price.

[2] The counterclaim by Etchison was filed in Civil Action No. 05-C-104-W in the Circuit Court of Ohio County, West Virginia.

2

District of West Virginia pursuant to 28 U.S.C. §§ 1332 and 1441. This action was assigned Civil Action No. 5:05CV99. On August 12, 2005, Etchison filed a motion to remand for lack of diversity jurisdiction, which this Court denied on October 24, 2005.[3]

Westfield filed a motion to consolidate the above-styled civil actions of Etchison v. Westfield Insurance Company, Civil Action No. 5:05CV99, and Westfield Insurance Company v. Steele Construction Company, Civil Action No. 5:05CV132. Neither Etchison nor Steele responded to Westfield's motion to consolidate. Thus, on March 17, 2006, this Court granted Westfield's motion, and the two cases were consolidated.

On April 6, 2006, Steele filed a motion to dismiss or remand in Civil Action No. 5:05CV132, to which Westfield responded. Steele did not file a reply. On March 16, 2006, Etchison filed a motion to abstain and suggestion of lack of subject matter jurisdiction in Civil Action No. 5:05CV99, to which Westfield responded and Etchison replied.

Steele's motion to dismiss or remand and Etchison's motion to abstain and suggestion of lack of subject matter jurisdiction are now before this Court. After considering the parties' memoranda and the applicable law, this Court finds that Steele's motion to

---

[3]Etchison also requested that this Court abstain from deciding this civil action, Civil Action No. 5:05CV99, and thus remand the action to the Circuit Court of Ohio County. This issue was not addressed in this Court's October 24, 2005 order but is addressed in this order.

dismiss or remand in Civil Action No. 5:05CV132 must be denied and Etchison's motion to abstain and suggestion of lack of subject matter jurisdiction in Civil Action No. 5:05CV99 must be denied.

## II. Applicable Law

### A. Subject Matter Jurisdiction

The burden of proving subject matter jurisdiction in a motion to dismiss is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or

otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

B.  Motion to Remand

   1.  Diversity Jurisdiction

This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum of value of $75,000.00, exclusive of interest and costs and between . . . citizens of different states." 28 U.S.C. § 1332(a). Where a federal district court's jurisdiction is founded upon § 1332, the action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

The party seeking to invoke the jurisdiction of this Court bears the burden of proving jurisdiction by a preponderance of the evidence. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997); Singer v. State Farm Mut. Auto Ins., 116 F.3d 373, 377 (9th Cir. 1997). To create diversity jurisdiction, the removing party must show that both the amount in controversy and diversity requirements are met. 28 U.S.C. § 1332; Chase, 110 F.3d at 427. Finally, the removing must party must provide competent proof of jurisdiction, or the case should be remanded to the state court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Chase, 110 F.3d at 427.

2. <u>Abstention</u>

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. <u>See</u> <u>Nautilus Ins. Co. v. Winchester Homes</u>, 15 F.3d 371, 375 (4th Cir. 1994). Rather, a district court's decision to hear such a case is discretionary. <u>Id.</u>

The Fourth Circuit has articulated several factors that should guide a district court in determining whether to entertain a declaratory judgment action. The first set of standards was stated in <u>Aetna Cas. & Sur. Co. v. Quarles</u>, 92 F.2d 321, 325 (4th Cir. 1937). In that case, the Court held that a district court should exercise jurisdiction over a declaratory judgment action when it finds that the relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." <u>Id.</u> The Court built upon these principles in <u>Mitcheson v. Harris</u>, 955 F.2d 235, 237-40 (4th Cir. 1992), suggesting that district courts also consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later, in Nautilus Ins. Co. v. Winchester Homes, Inc., the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' -- that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

### III. Discussion

A. Etchison's Motion to Abstain and Suggestion of Lack of Subject Matter Jurisdiction

In his motion to abstain and suggestion of lack of subject matter jurisdiction in Civil Action No. 5:05CV99, Etchison argues that abstention is appropriate because this matter would be more properly left to the West Virginia courts in construing its own state law governing the application of personal and advertising injury coverage. In addition, Etchison asserts that the amount in controversy has not been met.

In response, Westfield asserts that: (1) Etchison's abstention argument must be denied as untimely; and (2) the amount in controversy requirement has been meet. Specifically, Westfield contends that the $3 million demand along with Etchison's request for attorney's fees under the Unfair Trade Practices Act and

punitive damages will satisfy the amount in controversy requirement.

1. Amount in Controversy

In his motion to abstain and suggestion of lack of subject matter jurisdiction in Civil Action No. 5:05CV99, Etchison argues that Westfield has failed to prove, by a preponderance of the evidence, that the value of the matter in controversy exceeds the jurisdictional amount. Specifically, Etchison asserts that his complaint was for an unspecified amount of damages and that the amount in controversy cannot be met by his settlement demand of $3 million because the demand was mere "puffing." Thus, Etchison asserts that this Court should remand this civil action to the Circuit Court of Ohio County. In response, Westfield asserts that the amount in controversy has been met because Etchison seeks damages for violations of the UTPA, including punitive damages and attorney's fees.

This Court finds that Westfield has met its burden of proof in establishing that the amount in controversy exceeds the jurisdictional amount. An examination of the complaint reveals that Etchison is seeking an award of pre-judgment interest, post-judgment interest, attorney's fees and costs and punitive damages. "The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Hutchens

8

v. Progressive Paloverde Ins. Co., 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)(citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001)).

Etchison requests attorney's fees as relief in his complaint. Under the UTPA, a successful plaintiff may recoup increased expenses such as attorney's fees. Thus, if Etchison is successful, these fees, when added to other damages, will more likely than not exceed the minimum amount in controversy requirement.

Further, if Etchison is able to show that Westfield "actually knew that [his] claim was proper, but willfully, maliciously and intentionally denied the claim, he can receive punitive damages." Hayseeds, Inc. v. State Farm Fire & Cas., 177 W. Va. 323, 331 (1986). The Supreme Court of the United States has held that punitive damages awards may exceed compensatory damages awards by "single-digit multipliers." State Farm Mutual Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).

Finally, it must be noted that the minimum amount in controversy requirement is a little more than Etchison's demand for $70,000.00, which Westfield asserts that Etchison demanded on March 3, 2006. However, Etchison's earlier demand of $3 million well exceeds the $75,000 amount in controversy requirement.

Thus, based upon the damages sought, "common sense" suggests that an award exceeding $75,000.00 would be highly conceivable if Etchison prevailed on the merits of the case, and likely was

9

anticipated by Etchison at the time of removal.  Accordingly, this Court is persuaded that Westfield has shown, by a preponderance of the evidence, that this civil action, Civil Action No. 5:05CV99, satisfies the jurisdictional amount in controversy.

   2.   Etchison's Motion to Abstain

In his motion to abstain or suggestion of lack of subject matter jurisdiction in Civil Action No. 5:05CV99, Etchison argues that this Court should abstain from deciding the issue of insurance coverage because the State of West Virginia has a strong interest in deciding the issue of advertising coverage in relation to slander of title.  In addition, Etchison argues that this civil action can be more efficiently handled in state court.  In response, Westfield asserts that Etchison untimely filed this motion.

First, this Court finds that Etchison timely raised the "abstention argument" in his previous motion to remand, and thus this Court will address Etchison's contentions.

Second, this Court will not abstain from deciding this coverage issue because this Court can issue a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that "will serve a useful purpose in clarifying and settling the legal relations in issue," and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the

proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937).

An analysis of this issue using the factors outlined in Nautilus, 15 F.3d at 377, and Mitcheson v. Harris, 955 F.2d 325, 237-40 (4th Cir. 1992), leads this Court to conclude that abstention is not warranted under the circumstances.

First, the state's interest in deciding the coverage issue is not a strong one, which militates against abstention. Even though the question of coverage is one of state law, the issue is not a close question and can be resolved using well settled tenets of contract interpretation. See Nautilus, 15 F.3d at 377 (noting a close question weighs in favor of abstention). Further, it is noted there has not been a West Virginia court to decide the issue of personal and advertising injury coverage of slander of title claims, however, slander of title is a recognized cause of action in West Virginia, TXO Production Corp. v. Alliance Resources Corp., 419 S.E.2d 870, 879 (W. Va. 1992), and other district courts have decided coverage issues with respect to slander of title claims. Bank One, Milwaukee v. Breakers Development, Inc., 559 N.W.2d 911, 912 (Wis. Ct. App. 1997); United States Fid. and Guar. Co. v. Saddle Ridge, L.L.C., No. 98-2567-KHV, 1999 U.S. Dist. Lexis 18359 at *15 (D. Kan. Sept. 27, 1999); Kickham Group, Inc. v. American Nat'l Fire Ins. Co., No. 3:96CV1823-D, 1997 U.S. Dist. Lexis 23733 at *9-10 (N.D. Tex. Sept. 24, 1997). Specifically, this Court

finds that the issue of coverage can be resolved on the narrower grounds of the policy's exclusions. Issuing a judgment on the exclusions would require this Court to use only the established tenets of contract interpretation and insurance law.

Second, while Etchison argues that this civil action can be more efficiently handled in state court, this Court finds that it can also be efficiently decided by this Court pursuant to the scheduling order, and the determination regarding the issues of coverage would clarify the legal relations between the parties and afford them relief from uncertainty. See Nautilus, 15 F.3d at 377 (the federal court decided the issue of coverage, while the state court decided the underlying tort action). Specifically, a declaratory judgment deciding the issue of Westfield's duty to indemnify and defend Steele will settle the legal relations between the parties. A declaratory judgment will also determine whether Westfield has any legal obligation to Etchison under a third-party bad faith claim.

Moreover, allowing this case to go forward would not create unnecessary entanglement with the underlying state court action because the issues being described are legally distinct. According to the record before this Court, Westfield currently is not a party to the underlying state court action and the issue of coverage is not being addressed in that case. It appears that no third-party

complaint has been filed nor has an intervening declaratory judgment been sought.

Finally, this Court finds that "procedural fencing" has not occurred. Id. at 380. "Procedural fencing" is marked by a race to obtain a more favorable judgment or a possibility of res judicata. Id. No such race or forum shopping is apparent here.

Accordingly, this Court finds that it must not abstain from deciding this civil action, Civil Action No. 5:05CV99, and must deny Etchison's motion to remand on those grounds.

B. <u>Steele's Motion to Dismiss or Remand for Lack of Diversity Jurisdiction</u>

In its motion to dismiss or, in the alternative, to remand, in Civil Action No. 5:05CV132, Steele argues that Westfield has failed to prove that the amount in controversy has been satisfied. Specifically, Steele asserts that the amount in controversy requirement was not been met because the damages are limited to attorney's fees and costs and punitive damages. In response, Westfield contends that Steele's motion to remand is improper because Westfield's complaint was filed in this Court, not in state court. Westfield also asserts that Steele's motion to remand could only apply to the other related civil action, <u>Etchison v. Westfield</u>, Civil Action No. 5:05CV99, and if this is Steele's argument, then Steele's motion to remand is untimely. Finally, with respect to Steele's request for dismissal of this action,

13

Westfield argues that the amount in controversy exceeds $75,000.00. Thus, Westfield asserts that Steele's motion to remand or dismiss should be denied.

1. Motion to Remand

This Court finds that Steele's motion to remand cannot apply to this civil action, Civil Action No. 5:05CV132, because this action was filed by Westfield against the defendant, Steele, in the United States District Court for the Northern District of West Virginia.

The proper procedure for challenging removal is a motion to remand. See W. Schwarzer, A. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:1080 (2006). Since this case has not been removed, it is improper for this case to be remanded. Thus, this Court cannot remand Civil Action No. 5:05CV132.

Further, this Court will not address Westfield's argument that Steele's motion to remand is untimely because it is inapplicable to this civil action.

2. Motion to Dismiss

Steele requests, in the alternative, the dismissal of this civil action, Civil Action No. 5:05CV132. Specifically, Steele asserts that Westfield has failed to establish by a preponderance of the evidence that the amount in controversy requirement has been met. In response, Westfield asserts that the amount in controversy was met at the time this action was filed. This Court finds that,

14

although Steele does not expressly state this, Steele's motion to dismiss is based upon lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

This Court finds that it has subject matter jurisdiction because the amount in controversy requirement has been met. When a plaintiff seeks a determination of liability under a contract, the potential liability is the "amount in controversy." It makes no difference that the plaintiff is suing for the determination that he or she owes nothing. See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977).

This Court finds that if Westfield has a duty to defend or indemnify Steele in the counterclaim filed in the underlying action in state court, then Westfield could be liable for damages exceeding $75,000.00. Upon review of the underlying action in state court, Etchison's counterclaim against Steele seeks damages for breach of contract, fraud, deceit, misrepresentation and slander of title. It must also be noted that the ad damnum clause of the counterclaim is silent as to the amount of damages sought other than special damages. The court can use its "common sense" to determine an amount for jurisdictional purposes. Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994).

First, Etchison's counterclaim in the underlying state court action requests damages for the defective driveway in the amount of $15,395.00. Etchison also seeks attorney's fees under the UTPA as

relief in his counterclaim in the underlying state court action. Under the UTPA, if Etchison is successful, he may recoup increased expenses such as attorney's fees. Thus, if Etchison is successful, these fees, when added to other damages, more likely than not will exceed the minimum amount in controversy requirement.

Finally, Etchison seeks punitive damages in his counterclaim in the underlying state court action. If Etchison is able to show that Westfield "actually knew that [his] claim was proper, but willfully, maliciously and intentionally denied the claim, he can receive punitive damages." Hayseeds, Inc. v. State Farm Fire & Cas., 177 W. Va. 323, 331 (1986). The Supreme Court of the United States has held that punitive damages awards may exceed compensatory damages awards by "single-digit multipliers." State Farm Mutual Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).

Thus, this Court finds that Westfield's liability to Steele under the contract in the underlying state court action could exceed $75,000.00. Accordingly, this Court finds that it has subject matter jurisdiction over Westfield's complaint for declaratory judgment in Civil Action No. 5:05CV132.

## IV. Conclusion

For the reasons stated above, Steele Construction, Ltd.'s motion to dismiss or in the alternative to remand in Civil Action No. 5:05CV132 is hereby DENIED and Robert L. Etchison's motion to

abstain and suggestion of lack of subject matter jurisdiction in Civil Action No. 5:05CV99 is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 26, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE